9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11                        ----oo0oo----

12

13  ROBERT BASQUE,
                                   NO. CIV. S-05-1612 FCD KJM
14          Plaintiff,

15      v.                         MEMORANDUM AND ORDER

16  ARNOLD SCHWARZENNEGER, In His
    Official Capacity As Governor
17  Of The State Of California;
    CALIFORNIA DEPARTMENT OF
18  CORRECTIONS AND
    REHABILITATION; RODERICK
19  HICKMAN, In His Official
    Capacity As Secretary Of The
20  California Department of
    Corrections and
21  Rehabilitation; CALIFORNIA
    DEPARTMENT OF CORRECTIONS &
22  REHABILITATION, DIVISION OF
    ADULT OPERATIONS AND ADULT
23  PROGRAMS; JEANNE WOODFORD, In
    Her Official Capacity As
24  Undersecretary, California
    Department of Corrections and
25  Rehabilitation; DOES 1-25,

26          Defendants.
    _____/
27

28                        ----oo0oo----

1          This matter comes before the court on defendants'

2   motion to dismiss plaintiff's complaint pursuant to Rules

3   12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

4   For the reasons set forth below,[2] defendants' motion is GRANTED.

5                          **BACKGROUND[3]**

6          Plaintiff Robert Basque is an adult state prison inmate,

7   serving time at the California Medical Facility in Vacaville,

8   California.  (Compl., filed Aug. 11, 2005, ¶ 9).  Plaintiff was

9   convicted of two counts of vehicular manslaughter by the

10  Riverside County Superior Court and sentenced to six years in

11  state prison.  (Id. ¶ 28).  On March 30, 2004, when plaintiff

12  arrived at North Kern State Prison ("NKSP") in Delano,

13  California, he told the medical screening person that he had

14  Human Immunodeficiency Virus ("HIV") and hypertension.  (Id. ¶

15  30).  On April 2, 2004, plaintiff was processed through the NKSP

16  medical screening.  (Id. ¶ 34).  As a result of his examinations,

17  plaintiff was classified as "full duty, no camp" by NKSP medical

18  staff.  (Id. ¶ 41).

19         The California State Prison System has a number of

20  "Conservation Camps" in which some inmates fight fires and others

21  serve as support staff.  (Id. ¶ 47).  The California Prison

22  System provides inmates who work at Conservation Camps a 67%

23  
      _____

24        [1]    All further references to a "Rule" are to the Federal
    Rules of Civil Procedure.
25
          [2]    Because oral argument will not be of material
26  assistance, the court orders this matter submitted on the briefs.
    E.D. Cal. Local Rule 78-230(h).
27
          [3]    The facts of this case are taken from plaintiff's
28  allegations in the complaint.

                                 2

reduction in their prison term.  (Id. ¶ 54).  When plaintiff

asked his Correctional Counselor at NKSP to place him at a

Conservation Camp facility, he was told that he was not eligible

for such placement because he had HIV.  (Id. ¶¶ 48-49).

Plaintiff brings this action under the Americans with

Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the

corresponding California state statutes.  Plaintiff claims that

the defendants arbitrarily and unlawfully discriminate against

persons with HIV or Acquired Immunodeficiency Syndrome ("AIDS")

"by denying these individuals full and equal access to, and

enjoyment of benefits from, services, programs or activities

offered by the defendants within the California prison system."

(Id. ¶ 1).  Plaintiff *inter alia* seeks injunctive relief from

this court, ordering defendants to: (1) refrain from

discriminating in any matter on the basis that plaintiff has AIDS

or is infected with HIV; (2) cause plaintiff to be transferred to

a Conservation Camp or to be placed on Conservation Camp good

time credit earning status; and (3) award plaintiff Conservation

Camp good time credit from the date he was first eligible for

such placement.

Defendants filed a motion to dismiss pursuant to Rules

12(b)(1) and 12(b)(6) on October 26, 2005.  Defendants contend

that this court does not have jurisdiction over plaintiff's

claims because they necessarily affect the length of plaintiff's

incarceration.  Defendants also argue that plaintiff's complaint

should be dismissed because he failed to allege facts sufficient

to state a claim for relief against defendants and that

/////

1  plaintiff's state law claims should be dismissed for failure to

2  comply with the California Tort Claims Act.

3                              **STANDARD**

4  **A.   Rule 12(b)(1):   Subject Matter Jurisdiction**

5      Lack of subject matter jurisdiction may be asserted by

6  either party or the court, *sua sponte*, at any time during the

7  course of an action.  Fed. R. Civ. P. 12(b)(1).  Once challenged,

8  the burden of establishing a federal court's jurisdiction rests

9  on the party asserting the jurisdiction.  See Farmers Ins. Exch.

10 v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir.

11 1990).  There are two forms of 12(b)(1) attacks on subject matter

12 jurisdiction: facial and factual attacks.  See Thornhill Publ'g

13 Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir.

14 1979).  In an action such as this, where defendant contends that

15 the lack of federal jurisdiction appears from the "face of the

16 complaint," the allegations in the complaint are taken as true

17 for the purposes of the motion.  Id.

18 **B.   Rule 12(b)(6):   Failure to State a Claim**

19      On a motion to dismiss, the allegations of the complaint

20 must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322

21 (1972).  The court is bound to give plaintiff the benefit of

22 every reasonable inference to be drawn from the "well-pleaded"

23 allegations of the complaint.  Retail Clerks Int'l Ass'n v.

24 Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff

25 need not necessarily plead a particular fact if that fact is a

26 reasonable inference from facts properly alleged.  See id.

27      Given that the complaint is construed favorably to the

28 pleader, the court may not dismiss the complaint for failure to

                                4

state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957); NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Nevertheless, it is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendant[] ha[s] violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

**ANALYSIS**

**A. Jurisdiction**

Defendants contend that the court lacks jurisdiction over this case because plaintiff is challenging the length of his confinement. Among the injunctive relief he asks from this court, plaintiff seeks the award of good-time credit from the time that he was initially eligible. In Preiser v. Rodriguez, the Supreme Court held that

> when a state prisoner is challenging the very fact or
> duration of his physical imprisonment, and the relief
> he seeks is a determination that he is entitled to
> immediate release or speedier release from that
> imprisonment, his sole federal remedy is a writ of
> habeas corpus.

411 U.S. 475, 500 (1973). In Preiser, the respondents were state prisoners who were deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of

5

disciplinary proceedings. <u>Id.</u> at 476. The prisoners brought
suit under 42 U.S.C. § 1983, alleging that their due process
rights had been violated when their credits were revoked. <u>Id.</u>
In each respondent's case, the restoration of good-conduct-time
credits entitled the prisoner to immediate release on parole.
<u>Id.</u> at 479-81. However, the Court stated that "even if the
restoration of the respondents' credits would not have resulted
in their immediate release, but only in their shortening the
length of their actual confinement in prison, habeas corpus would
have been the appropriate remedy." <u>Id.</u> at 487.

Plaintiff asserts that the Court's holding in <u>Preiser</u> does
not apply to his claims because the <u>Preiser</u> respondents brought
claims under § 1983, while he brings his claims under the ADA and
the RA. In support of this argument, plaintiff cites to
<u>Pennsylvania Department of Corrections v. Yeskey</u>, where the
Supreme Court held that a state prisoner can sue under the ADA.
524 U.S. 206 (1998). Defendants do not dispute that a state
prisoner can sue for prospective relief or monetary relief under
the ADA. However, in <u>Yeskey</u>, as well as subsequent Ninth Circuit
opinions, the issue of whether reinstatement of past good-time
credit that would shorten a prisoner's sentence was not directly
addressed. <u>See</u> <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir.
2002) (plaintiffs seeking prospective relief only); <u>Lee v. City</u>
<u>of Los Angeles</u>, 250 F.3d 668, 690-92 (9th Cir. 2001) (remanding
to give plaintiffs opportunity to amend ADA claim). Plaintiff
argues that because this issue was not definitively decided in
<u>Yeskey</u>, and because <u>Preiser</u> addressed claims for constitutional,
/////

not statutory violations, the court has jurisdiction over his claims.

In the face of any explicit exception for the reinstatement of good-time credits pursuant to an ADA claim, the mandate of the Supreme Court in Preiser is clear and must be followed by the court. Where a prisoner seeks a determination that he is entitled to a speedier release and requests injunctive relief granting or reinstating past good-time credit, the exclusive federal remedy is a writ of habeas corpus. See Preiser, 411 U.S. at 500.[4] Therefore, to the extent that plaintiff seeks the court to order the award of past good time credit, defendant's motion is GRANTED. However, to the extent that plaintiff seeks prospective injunctive relief or monetary relief under the ADA, defendant's motion is DENIED.

**B.    Failure to State a Claim**

Defendants contend that plaintiff's remaining claims under the ADA and the RA should be dismissed because the complaint fails to state a claim upon which relief may be granted. In order to state a claim for relief under the ADA or the RA, plaintiff must allege that: (1) he is disabled; (2) he is otherwise qualified for the benefit he seeks; (3) the relevant program received federal financial assistance; and (4) defendants' exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (citing Weinreich v. L.A.

---

[4]    The Preiser Court made no finding that this holding was in any way limited to actions brought pursuant to 42 U.S.C. § 1983.

7

County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997))
(ADA); Bonner v. Lewis, 857 F.2d 559, 562-63 (9th Cir. 1988)
(RA).

Defendants argue that plaintiff has failed to allege that,
but for his disability, he would be otherwise qualified for the
Conservation Camp. A person is "otherwise qualified" only if he
is able to meet all the program requirement or essential
eligibility requirements for participation in the program in
spite of his disability. See 42 U.S.C. § 1231(2); Sch. Bd. Of
Nassau County v. Arline, 480 U.S. 273, 287 n.17 (1987).
Plaintiff argues that he has sufficiently alleged that he is
otherwise qualified because each state prison inmate is eligible
for a conservation camp placement unless he is deemed ineligible
due to other factors. Therefore, by plaintiff's reasoning, all
inmates are qualified individuals upon arrival at prison.

The court rejects plaintiff's reasoning. By plaintiff's own
argument, not all inmates are eligible for conservation camp
placement because there are other factors that may render an
inmate ineligible for such a placement such as medical issues,
commitment offense, or time to serve on the sentence. (Pl.'s
Opp'n to Defs.' Mot. to Dismiss, filed Nov. 18, 2005, at 4). If
none of these factors apply to plaintiff, then he may be
otherwise qualified. However, this allegation must be made in
the complaint in order to state a claim under the ADA or the RA.
Therefore, defendants' motion to dismiss for failure to state a
claim is GRANTED.

In his opposition, plaintiff requests leave to amend if the
court finds that the complaint did not adequately allege that he

1  was an otherwise qualified individual.  AS set forth above, the
2  court has found that plaintiff did not adequately allege a claim
3  under the ADA or the RA.  Pursuant to Rule 15(a), "leave [to
4  amend] is to be freely given when justice so requires."  "[L]eave
5  to amend should be granted unless amendment would cause prejudice
6  to the opposing party, is sought in bad faith, is futile, or
7  creates undue delay."  <u>Martinez v. Newport Beach</u>, 125 F.3d 777,
8  785 (9th Cir. 1997).  Because there is no indication that
9  plaintiff's amendment is sought in bad faith or is futile, and
10 because plaintiff's case is at the early stages of litigation,
11 plaintiff is granted leave to amend the complaint to allege that
12 he is an otherwise qualified individual for purposes of the ADA
13 and the RA.

14 **C.   California Tort Claims Act**

15      Finally, defendants contend that plaintiff's state law
16 claims should be dismissed because the complaint fails to plead
17 compliance with the California Tort Claims Act.  In order to
18 state a claim against a public entity, the California Torts Claim
19 Act requires "the timely presentation of a written claim and the
20 rejection of the claim in whole or in part."  <u>Mabe v. San</u>
21 <u>Bernardino County</u>, 237 F.3d 1101, 1111 (9th Cir. 2001) (quoting
22 <u>Mangold v. Cal. Pub. Util. Comm'n</u>, 67 F.3d 1470 (9th Cir. 1995)).
23 Plaintiff must present claims to the government entity for money
24 or damages with few exceptions.  Cal. Code § 905 (West 2005).
25 Tort claims such as the instant claims for intentional infliction
26 of emotional distress and negligence are not listed among the
27 exceptions to § 905.  Moreover, under Government Code § 945.4,
28 /////

9

1
2
3
4
5

> no suit for money or damages may be brought against a
> public entity on a cause of action for which a claim is
> required to by presented in accordance with Chapter 1
> (commencing with section 900) and Chapter 2 (commencing
> with section 910) of Part 3 of this division until a
> written claim therefore has been presented to the
> public entity and has been acted upon by the board, or
> has been deemed to have been rejected by the board.

6   Cal. Code § 945.4 (West 2005).  Finally, under Government Code §

7   950.2, any suit against a public employee is barred in cases

8   where a plaintiff's action against the agency is barred for

9   failure to present a claim.  The 1965 Amendment to § 950.2 makes

10  it clear the "the presentation of a claim to the employing public

11  entity is a prerequisite to suit against an employee."  Id.

12       Plaintiff has the burden of pleading compliance with the

13  California Tort Claims Act in his complaint.  Wood v. Riverside

14  General Hospital, 25 Cal. App. 4th 1113, 1119 (1994).  Moreover,

15  compliance with the California claims statutes is mandatory.

16  City of San Jose v. Superior Court, 12 Cal. 3d 4447, 454 (1974).

17  Federal courts have recognized these requirements.  See Ortega v.

18  O'Connor, 764 F.2d 701, 707 (9th Cir. 1985), rev'd on other

19  grounds, 107 S. Ct. 1492 (1987) (failure to comply with claim-

20  filing requirements imposed by California Tort Claims Act bars

21  pendent state claims).  Finally, where employees of the agency in

22  question act within their express or implied authority, despite

23  the wrongful nature of their actions, a complaint based on the

24  employees' actions may be properly dismissed for failing to

25  allege proper filing of the claim with the employing government

26  entity.  Neal v. Gatlin, 35 Cal. App. 3d 871, 877-78 (1973).

27       Plaintiff's complaint fails to allege compliance with the

28  California Tort Claim Act procedures.  Further, plaintiff admits

10

that he has yet to receive a formal denial letter from the state. (Pl.'s Opp'n at 5 n.4).  As such, and given that plaintiff has not alleged that defendants acted outside of their express or implied authority, defendants' motion to dismiss plaintiff's state law claims is GRANTED.

**CONCLUSION**

For the foregoing reasons, defendant's motion is GRANTED. Plaintiff's state law claims are dismissed for failure to comply with the California Tort Claims Act.  Plaintiff's federal ADA and RA claims seeking an award of past good-time credit is dismissed for lack of jurisdiction.  Plaintiff's federal ADA and RA claims seeking prospective injunctive relief or monetary damages are dismissed with leave to amend.  Plaintiff is granted twenty (20) days from the date of this order to file an amended complaint in accordance with this order.  Defendants are granted thirty (30) days from the date of service of plaintiff's amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: December 20, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE